### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 15 B 03414 |
| Mesha Ware, ) | HON. Timothy A. Barnes |
| ) | CHAPTER 13 |
| Debtor. ) | |

### NOTICE OF FILING

To: Marilyn O Marshall, 224 South Michigan Ste 800, Chicago, IL 60604;

Cari A Kauffman, Sorman & Frankel, Ltd., 180 North LaSalle Street, Suite 2700, Chicago, IL 60601, representing Santander Consumer USA Inc.

Please take notice that on May 20, 2015, I filed with the Clerk of the United States Bankruptcy Court, the following documents, which are enclosed:

DEBTOR'S RESPONSE TO SANTANDER CONSUMER USA'S OBEJECTION TO CONFIRMATION.

### PROOF OF SERVICE

The undersigned, an attorney, certifies that he sent the attached motion on May 20, 2015 to the Chapter 13 Trustee listed above via electronic notice and the above referenced attorney via regular U.S. Mail, with postage prepaid from the mail chute located at 20 S. Clark Street, Chicago, IL 60603.

                                                       */s/ Jaime Torres*_____
                                                       Attorney for Debtor

                                                       Robert J. Semrad & Associates
                                                       407 S. Dearborn Street #600
                                                       Chicago, IL 60605
                                                       (312) 913-0625

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 13 |
| | ) |
| Mesha Ware, | ) Case No. 15-03414 |
| | ) |
| Debtor. | ) Hon. Timothy A. Barnes |
| | ) |
| | ) |
| | ) |

### DEBTOR'S RESPONSE TO SANTANDER CONSUMER'S OBJECTION TO CONFIRMATION

**Statement of Facts**

On February 15, 2011 Mesha Ware ("the Debtor"), entered into a retail installment contract with Santander Consumer USA Inc ("Santander") for the purchase of, and secured by, a 2006 Chevrolet Monte Carlo ("the Vehicle"). Santander's interest in the Vehicle was subsequently perfected and Santander's lien was noted on an Illinois Certificate of Title of a Vehicle. The Debtor intended to make regular installment payments directly to Santander for the Vehicle.

On or about October 12, 2012 the Vehicle was stolen from 2203 W. 87th Street Chicago, IL. The Debtor promptly filed a police report with the Chicago Police Department. (Exhibit A). On or about the same date the Debtor filed a claim with KAI Advantage Auto insurance (Exhibit B). Unfortunately, on or around February 2013 the Debtor's insurance claim was denied and the Debtor did not pursue any further action with the Illinois Department of Insurance.

On February 2, 2015 the Debtor filed for Chapter 13 bankruptcy relief. The Debtor listed Santander in Schedule F as an unsecured creditor and omitted the vehicle on schedule B because she did not have possession of the Vehicle as of the date of filing. On March 19, 2015 Santander filed an objection to confirmation. On May 8, 2015 a modified chapter 13 plan was filed on behalf of the Debtor that included the following language in Section G "Debtor hereby surrenders the 2006 Chevrolet Monte Carlo to Santander Consumer USA in full satisfaction of its secured claim."

Santander was informed all relevant events, including the denial of the insurance claim. In the two years after the insurance claim was denied Santander never attempted to contact the Debtor regarding the Vehicle nor did they commence action in state court for the recovery of the vehicle or collection of the underlying debt. Moreover, Santander never filed a claim with KAI Advantage Auto Insurance nor did they pursued action against KAI Advantage Auto Insurance. Only now that the Debtor has filed a Chapter 13 has Santander asserted any right to be paid on their underlying debt.

The Debtor has sought bankruptcy relief in good faith. She filed a police report the same day the Vehicle was stolen, she maintained full coverage insurance on the Vehicle up until the reported theft, and filed a claim with her insurance company. Contrary to Santander's unsubstantiated assertions in its objection the record is absent any indication of bad faith. The modified plan filed May 8, 2015 comports with 11 U.S.C § 1325 and controlling case law. Therefore, the Court should overrule Santander's objection.

### **Actual Delivery of Santander's Collateral is Not Required for the Debtor to Surrender Her Interest in the Vehicle**

Under 11 U.S.C. 101 the term "surrender" is not defined. *In re Cornejo,* 343 B.R., 836 (Bankr. M.D.Fla2005). *See In re Zak* 361, B.R. 481, 486 (Bankr.N.D.OH.2007) (recognizing the absence of case law defining the term "surrender"). A debtor who files a chapter 13 bankruptcy has the option to surrender property to the secured creditor. *See* 11 U.S.C § 1325 (a)(5)(c) (2007). Case law defining the term "surrender" in a chapter 7 context is applicable to chapter 13 cases. *In re Cornejo,* 342 B.R. at 836 n.8. *See Green Tree Financial Servicing Corp., v. Theobald (In re Theobald),* 281 B.R. 133, 134 n.3 (10th Cir. 1998) (discussing that "interpretation of § 521(2) should also apply to the surrender provision found in § 1325(a)(5)(c) that relates to the confirmation of a chapter 13 plan.") *See e.g., In re Lair,* 235 B.R. 1, 67-68 (Bankr. M.D. La. 1999) (analyzing the word "surrender" in the context of *11 U.S.C § 521); In re Kasper, 309* B.R. 82, 90-93 (Bankr. D.C.2004) (discussing the meaning of "surrender" in § 521(2)(A)).

In bankruptcy the surrendering of property is not tantamount to actual delivery of the collateral rather it is viewed as a type of constructive delivery to the bankruptcy estate. *Lair,* 235 B.R. at 68 (Bankr. M.D.La 1999). Absent bad faith, a debtor surrenders interest in collateral when the intentions of the debtor are communicated. *Cornejo,* 343 B.R. at 837. Under 1325(a)(5)(C) surrender means "the relinquishment of any rights a debtor has in the collateral". *In re* Anderson 316 B.R. 321, 323 (Bankr. W.D. Ark 2004) *citing In re* Alexander, 225 B.R. 665 (Bankr. E.D. Ark 1998) *See Internal Revenue Service v. White (In re white),* 487 F.3d. 199, 205 (4th Cir. 2007) (stating that at the most basic level surrender is "the relinquishment of all rights in property, including the possessory right, even if such relinquishment does not always require immediate physical

delivery of the property to another"); *In re Kasper*, 309 B.R. at 90 (clarifying that under 521 (2)(A) surrender was not intended to mean turning over physical possession of the collateral to the lienholder).

When the debtor surrenders interest in the vehicle it is neither necessary for the debtor to satisfy the lien nor physically deliver the vehicle to the creditor. *Id.* at 837. *See Anderson,* 316 2. B.R. at 323 (under 1325(a)(5)(c), debtor was entitled to surrender her interest in the collateral, even if she is unable to physically deliver the collateral to the creditor); *Alexander*, 225 B.R. at 666 (holding that absent fraud or bad faith a debtor could surrender her interest in the vehicle without the necessity to actually deliver the property to the creditor).

In the present case, the Debtor surrendered her interest in the vehicle by communicating her intent through section G of the modified plan that was filed on May 8, 2015. The statement in section G provides the bankruptcy estate with constructive delivery of the vehicle. Moreover, Santander had constructive notice of the Debtor's intent when she ceased payment after the car was stolen. By communicating her intent the Debtor has ceded all rights in the vehicle including possessory rights. Upon entry of an order modifying the stay Santander will have no legal obstacles in relation to the Debtor.

The Court should follow the holding in *In re Cornejo, 342 B.R., 834 (*Bankr. M.D.Fla2005) and overrule Santander's objection. In *Cornejo*, the debtor filed a chapter 7 bankruptcy and intended to surrender his interest in a vehicle, which was encumbered by a mechanics lien in addition to the creditor's lien. *Id.* at 835. The debtor was unable to

physically deliver the vehicle to the creditor because the repair shop held possession of it. *Id at 837.* The debtor in good faith provided notice of his intentions to the creditor.

In *Cornejo* the court held that the debtor was not compelled to physically deliver the vehicle or satisfy the lien in order to surrender the vehicle. *Id*. The court explained that the debtor surrendered his interest in a vehicle when the debtor communicated his intentions. *Id.* Finally, the court in *Cornejo* reasoned that legislative history did not support an interpretation of the term "surrender" to require that a debtor physically deliver actual possession of a creditor's collateral to its place of business when it is not feasible. *Id.*

Similar to *Cornejo*, the Debtor does not have possession of the Vehicle. Moreover, the Debtor is unable to physically deliver the Vehicle to Santander. However, in contrast to the debtor's action in *Cornejo,* the Debtor in the present did not create an additional encumbrance on the Vehicle through her actions. In fact, when the debtor learned the Vehicle was stolen she promptly filed a stolen vehicle report with the Chicago Police Department and informed both KAI Auto Advantage Insurance and Santander.

The Debtor has acted in good faith and has properly complied with 11 U.S.C § 1325(a)(5)(c) by surrendering the Vehicle. The fact that the Debtor is unable to physically deliver the Vehicle to Santander should not preclude surrender of the Vehicle.

Furthermore, Santander is not without any remedy. While their claim in the present case may only be unsecured they still retain a lien on the vehicle and if recovered they would have no legal obstacle to selling the vehicle and would be entitled to any deficiency balance. *In re Mayton,* 206 B.R. 61, 67 (9th Cir. 1997)("In view of the language of § 521(2)(C), there is no reason to believe that Congress intended that the

secured creditor would be in a better position because of the happenstance of bankruptcy than would be the case under state law.").

Santander is seeking a hand-out by asking to be paid as a secured creditor. Santander mistakenly contends that because the Debtor has not *actually* surrendered the vehicle the plan does not comply with 11 U.S.C. § 1325 and was filed in bad faith. However, this argument is neither based on the Bankruptcy Code nor supported by case law.

Therefore, the Debtor respectfully request that the Court overrule Santander's objection and hold that the Debtor is not required to physically deliver the Vehicle to Santander and that the Debtor has properly advised Santander of her intentions with the Vehicle in compliance of 11 U.S.C. § 1325.

### **Legislative History Supports Debtor's Surrendering of Santander's Collateral Without Actually Delivering the Vehicle**

When the plain meaning of a statue is ambiguous the court cannot implement the language without the aid of legislative history for guidance. *In re Quevedo*, 345 B.R. 238, 242-43 ( Bankr.S.D.Cal. 2006). Where a statute is ambiguous the court should look to the legislative history, including relevant cases. *In re Mike Hammer Productions, Inc*., 294 B.R. 752, 754 (B.A.P. 9th Cir 2003) *But See In re Groth*, 69 B.R. 90, 91-92 (Bankr.D.Minn1987)("[C]ourt need not and should not resort to legislative history to construe the statute where the term in question is clear on its face.") citing *United States v Oregon*, 366 U.S. 643, 648 (1961). The court has a "duty to give effect, if possible to every clause and word of a statute." *In re Demonica*, 345 B.R. 895, 899 (Bankr.N.D.Ill. 2006) quoting United States v. Menasche, 348 U.S. 528, 538039 (1955).

The rationale by 11 U.S.C § 521 was to give notice early in the case of the debtor's intentions with respect to the creditor's collateral. *Cornejo*, 342 B.R. at 835. The legislative history for § 521 (2)(A) developed from a proposal submitted by a coalition of finance companies, credit unions, and banks. *In re Parker*, 142 B.R. 327, 328 (Bankr.W.d.Ark.1992) *citing* "Proposed Consumer Bankruptcy Improvement Act of 1981." *Hearings Before the Subcommittee on Courts of the Senate Committee on the Judiciary, 97th Congress, 1st Session J-97-11* (1981). The coalition explained that as secured creditors, they had no information about their property after the debtor filed bankruptcy. *Cornejo*, at 835-36. The fate of the secured creditor's collateral was unknown because the automatic stay prevented the creditor from contacting the debtor. *Id*. Consequently, the secured creditor had to incur the cost of filing an adversarial proceeding to lift the stay, however, only to learn that the debtor, without dispute, intended to surrender the collateral. Id. The solution was to make the process more efficient by requiring the debtor to state her intentions with respect to the collateral early on in the bankruptcy. *Id*.

The legislative history suggest that the purpose of § 521 is to require the debtor affirmatively reveal to the secured creditor her intent to surrender or retain the property. *Id*. *"Legislative history does not support an interpretation of the term surrender as requiring a debtor to physically deliver actual possession of the collateral to the creditor's place of business when it is not feasible." Id. (*"emphasis added*". See Kasper,* 309 B.R. at 90.

### **CONCLUSION**

WHEREFORE, the Debtor respectfully requests that Santander Corporation's objection be overruled and any claim filed by Santander shall be deemed a general unsecured claim or in the alternative that the Court grant the Debtor any other relief that is just.

May 20, 2015                                     Respectfully submitted,

                                         By:    /s/ Jaime A. Torres
                                                 Attorney for Debtor

Jaime Torres
Robert J. Semrad & Associates
20 S. Clark 28th Floor
Chicago, IL 60602